IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER ROLAND, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action File<br>) No. _____ |
| EXTREMELY CLEAN FLOOR SERVICES, INC., and SOUTHERN MAINTENANCE SERVICES INC., | ) COLLECTIVE ACTION COMPLAINT |
| Defendants. | ) |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Jennifer Roland, by and through counsel, files this Collective Action Complaint against Defendants Extremely Clean Floor Services, Inc. ("Extremely Clean") and Southern Maintenance Services Inc. ("Southern Maintenance") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiff and similarly situated employees proper wages, including overtime. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of her claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff minimum wages and overtime wages during the period approximately May 16, 2019 through May 16, 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391.

3. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

**A. Plaintiff Jennifer Roland.**

4. Plaintiff Roland is a resident of Georgia in this judicial district.

5. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

6. Defendants hired Plaintiff in approximately August 2018.

7. Plaintiff's employment with Defendants ended in approximately

March 21, 2022.

**B. Defendant Extremely Clean Floor Services, Inc.**

8. Defendant Extremely Clean Floor Services, Inc. is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 202 Canton Rd, Ste 207,Cumming, GA, 30040.

9. Defendant Extremely Clean's registered agent for service of process is Tina Silvers, 202 Canton Rd, Ste 207,Cumming, GA, 30040.

10. Defendant Extremely Clean had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

11. At all relevant times, Defendant Extremely Clean has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

12. Defendant Extremely Clean employed Plaintiff throughout the relevant period.

**C. Defendant Southern Maintenance Services Inc.**

13. Defendant Southern Maintenance Services Inc. is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 202 Canton Rd, Suite 207, Cumming, GA, 30040.

14. Defendant Southern Maintenance's registered agent for service of

process is Trevis Roberts, 202 Canton Rd, Suite 207, Cumming, GA, 30040.

15. Defendant Southern Maintenance had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

16. At all relevant times, Defendant Southern Maintenance has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

17. Defendant Southern Maintenance employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

**A. Defendants Extremely Clean and Southern Maintenance operate as a single enterprise under the FLSA.**

18. Defendants Extremely Clean and Southern Maintenance are engaged in related activities.

19. Both Defendants are in the business of commercial and industrial cleaning.

20. Both Defendants share and interchange employees on a regular basis.

21. Defendants Extremely Clean and Southern Maintenance are a unified operation and under common control.

22. Defendants combine, unite, and organize themselves for a common business purpose.

23. Defendants Extremely Clean and Southern Maintenance share a common business purpose.

24. Both Defendants operate out of the same office and have the same executive decision makers.

25. Defendants have a significant degree of operational interdependence.

**B. Plaintiff and other Cleaners' Employment with Defendants.**

26. Plaintiff was employed by Defendants as a commercial and industrial cleaner.

27. Throughout the relevant period, Defendants employed commercial and industrial cleaners ("Cleaners") throughout the Southeast, including Plaintiff and similarly situated employees.

28. Plaintiff and other Cleaners employed by Defendant were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

29. At all relevant times, Defendants employed Plaintiff and other Cleaners within the meaning of the FLSA.

30. At all relevant times, Plaintiff and other Cleaners were "employees" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

31.     At all times during her employment, Plaintiff and other Cleaners were non-exempt employees of Defendants.

32.     Plaintiff's and other Cleaners' job duties included, but were not limited to, moping, sweeping, dusting, buffing, vacuuming, shampooing carpet, emptying trash cans, polishing woodwork and stainless steel, wiping down tables, scrubbing toilets, washing windows, and extracting water for cleanup, as well as training new cleaners, preparing job summaries, and maintaining customer relations.

33.     In performing their job duties for Defendants, Plaintiff and other Cleaners did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

34.     In performing their job duties for Defendants, Plaintiff and other Cleaners did not direct or supervise the work of any employees.

35.     In performing their job duties for Defendants, Plaintiff and other Cleaners did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing or changing the status of any employee.

36.     In performing their job duties for Defendants, Plaintiff and other Cleaners did not exercise any discretion or independent judgment with regard to matters of significance.

37.     Plaintiff's and other Cleaners' job duties did not include primary work

that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

38. Defendants incorrectly classified Plaintiff and all other Cleaners as independent contractors.

39. Defendants exerted significant control over Plaintiff and other Cleaners work, including, but not limited to, the following:

   a. Defendants determined Plaintiff's and other Cleaners' hours and schedule for each workday;

   b. Defendants provided Plaintiff and other Cleaners with all cleaning tools and supplies necessary to perform their duties;

   c. Defendants required Plaintiff and other Cleaners to comply with its policies and procedures relating to performing their duties for Defendants;

   d. Plaintiff and other Cleaners were managed by and required to answer to Defendants' management staff;

   e. Plaintiff and other Cleaners could not negotiate the amount they were paid by Defendants and were never paid directly by Defendants' customers;

   f. Plaintiff and other Cleaners could not negotiate the agreement they were required to sign to work for Defendants; and

   g. Defendants did not permit Plaintiff and other Cleaners to hire other

workers to assist with their work; and

h. Plaintiff and other Cleaners were required to complete forms as instructed by Defendants, and to comply with reporting requirements set by Defendants.

40. Defendants classified Plaintiff and other Cleaners as independent contractors and required them to sign agreements that they were independent contractors.

41. All of the work that Plaintiff and other Cleaners performed for Defendants was through Defendants agreements with the clients, and under for Defendants' terms and conditions.

42. Defendants received the majority of its revenue from the work performed by Plaintiff and other Cleaners.

43. Defendants exercised significant control over Plaintiff and other Cleaners' work.

44. Plaintiff and other Cleaners had no opportunity for profit or loss depending on their managerial skill.

45. Plaintiff and other Cleaners had little to no investment in equipment or materials needed to perform their duties, and Plaintiff and other Cleaners were expressly forbidden from hiring other workers to assist in them in their duties.

46. Plaintiff and other Cleaners services requires no specialized skill or education.

47. Plaintiff and other Cleaners maintained on ongoing, permanent working relationship with Defendants.

48. Plaintiff and other Cleaners services rendered was an integral part of Defendants' business.

**C. Plaintiff and other Cleaners' Unpaid Overtime.**

49. Defendants typically paid Plaintiff and other Cleaners a flat rate per job completed regardless of the amount of hours worked.

50. For some clients, Defendants paid Plaintiff and other Cleaners a flat hourly wage regardless of the amount of hours worked.

51. Defendants required Plaintiff to drive between multiple job sites during a workday.

52. Defendants failed to compensate Plaintiff and other Cleaners for their travel time between job sites during a workday.

53. Defendants promised to pay Plaintiff and other Cleaners reimbursement for purchasing of materials related to performing their job duties.

54. Defendants failed to properly reimburse Plaintiff and other Cleaners for normal business expenses, violating the free and clear regulations under the

FLSA.

55. Defendants failed to maintain records of hours that Plaintiff and other Cleaners worked.

56. While Plaintiff's and other Cleaners' schedule varied, they regularly worked in excess of 40 hours per workweek.

57. Defendants denied Plaintiff and other Cleaners payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

58. Defendants routinely denied Plaintiff and other Cleaners payment of minimum wage compensation required by the FLSA for all hours worked in a work week.

59. Defendants willfully and/or deliberately failed to pay Plaintiff and other Cleaners their earned wages, including overtime, in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings this case on her own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Extremely Clean Floor Services, Inc. and/or Southern Maintenance Services Inc. as a Cleaner

and were denied overtime wage compensation for hours worked over 40 hours in a given work week and/or minimum wage compensation for all hours worked.

61. Plaintiff, on behalf of herself and Collective Class members, seeks relief on a collective basis challenging Defendants' failure to properly pay overtime wage for all hours worked over 40 in a given work week in violation of the FLSA.

62. The Collective Class is so numerous that joinder of all members is impracticable. It is believed that the Collective Class includes over forty persons.

63. Plaintiff's claims and experiences are typical of that of the Collective Class members.

64. Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

65. This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical. The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

66. Common questions of law and fact predominate in this action, including but not limited to:

   a. Identification of all persons in the Collective Class;

   b. Whether Defendants paid Plaintiff and Collective Class members proper overtime wages for all hours worked over 40 hours in a given work week; and

   c. Whether Defendants paid Plaintiff and Collective Class members proper minimum wages for all hours worked in a given work week.

67. Plaintiff has given his written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## UNPAID WAGES

68. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

69. At all relevant times, Defendants have been and was engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. At all relevant times, Defendants have employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

71. At all relevant times, Defendants were an enterprise (as that term is defined in 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff and Collective Class members) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

72. Defendant Extremely Clean had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

73. Defendant Southern Maintenance had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

74. In the alternative, Defendants, as a joint enterprise, had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

75. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and Collective Class members proper wages, including overtime, in violation of the FLSA.

76. Defendants failed to maintain records of hours that Plaintiff and Collective Class members worked.

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

78. Plaintiff and Collective Class members suffered damages due to Defendants' willful misconduct.

79. Due to Defendants' FLSA violations, Plaintiff and Collective Class members were damaged and are entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Plaintiff and Collective Class members;

B. Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and his counsel to represent the Collective Class members;

C. Award of all unpaid wages, including but not limited to, all unpaid overtime wage compensation, due under the FLSA to Plaintiff and the

        Collective Class members;

D.    Award of liquidated damages to the Plaintiff and Collective Class members;

E.    Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this May 16, 2022.

        **HALL & LAMPROS, LLP**

        /s/ *Gordon Van Remmen*

        Christopher B. Hall
        Ga. Bar # 318380
        Gordon Van Remmen
        Ga. Bar # 215512

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.