# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JENNIFER ROLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. <u>1:22-cv-01938-JPB</u> |
| | ) | |
| EXTREMELY CLEAN FLOOR | ) | |
| SERVICES, INC., and | ) | |
| SOUTHERN MAINTENANCE | ) | |
| SERVICES INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>JOINT MOTION TO APPROVE SETTLEMENT</u>

Plaintiff Jennifer Roland ("Plaintiff") and Defendants Extremely Clean Floor Services, Inc. ("Extremely Clean") and Southern Maintenance Services Inc. ("Southern Maintenance") (collectively "Defendants") file this request that the Court approve the Settlement Agreement (the "Settlement Agreement") in which they have entered (See, Exhibit 1, fully executed Settlement Agreement) as to the Plaintiff's release of claims under the Fair Labor Standards Act ("FLSA").

In support of this Motion, the Parties jointly state as follows:

## <u>Background</u>

Plaintiff alleges she was employed by Defendants from approximately May

16, 2019 through May 16, 2022. See, **Exhibit 2**, Declaration of Gordon Van Remmen ("Van Remmen Decl."), at ¶ 2.

Plaintiff alleges that Defendants improperly calculated and paid Plaintiff's overtime wages in violation of the FLSA. Id. at ¶ 3.  Defendants contend that they have paid Plaintiff all amounts owed to her in overtime wages. Id. at ¶ 4.

Without admitting any wrongdoing, Defendants desire to resolve all claims, allegations, and causes of action between itself and Plaintiff as alleged in this action, that Plaintiff now, or in the future, may allege to have against Defendants. Id. at ¶ 5.

On May 16, 2022, Plaintiff filed this lawsuit against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid wages. (Doc. 1). On May 16, 2022, Plaintiff served Defendants with the Complaint and Summons. Van Remmen Decl. at ¶ 6.

Thereafter, Defendants produced limited pay and hours data that allowed Plaintiff's counsel to determine Plaintiff's alleged wage damages more accurately. Id. at ¶ 7.

## **Settlement**

Counsel for Plaintiff and counsel for Defendants reached a settlement through arm's length negotiations relating to the merits of the claims and defenses, which included discussions of the rate of pay, dates of employment, and FLSA non-

willfulness.  Plaintiff and Defendants have discussed and considered the facts, have carefully calculated actual and potential damages and liability, have judiciously allocated same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable. Id. at ¶ 8.

In exchange for a release of all Plaintiff's claims, the Parties were able to reach a reasonable settlement for a **compromised** amount of eight thousand dollars ($15,000.00).  This amount represents Nine Thousand Dollars ($9,000.00) in wages and liquidated damages to Plaintiff, and Six Thousand Dollars ($6,000.00) in Plaintiff's attorneys' fees and costs. Id. at ¶ 9.

Plaintiff agreed to this compromised settlement in order to ensure payments due under the Settlement Agreement.   This amount represents Plaintiff's **full** calculation for back wages, as well as a reduced amount for Plaintiff's attorneys' fees and costs. Id. at ¶ 10.

The $9,000.00 payment to Plaintiff represents $2,220.00 due for Plaintiff's final paycheck and $6,780.00 in overtime wages and liquidated damages. The $6,780.00 payment to Plaintiff is over 130% of the amount of Plaintiff's counsel's calculation of alleged unpaid wage damages of $5,206.90.  The $6,780.00 payment to Plaintiff is over 65% of the amount of Plaintiff's counsel's calculation of alleged back-wage and liquidated damages of $10,413.80. Defendants dispute Plaintiff's

counsel's calculation of alleged damages, as well as liability for any damages in this case. Id. at ¶ 11.

The attorneys' fees to Plaintiff's counsel, Hall & Lampros, LLP, is based on a reasonable lodestar value of hours worked of $6,487.50 that Plaintiff's counsel has reduced to $5,098.00 (a reduction of over 21%). Id. at ¶ 12.  As a reduction, Plaintiff's counsel did not include any time for partner Chris Hall. Id. see also, Exhibit A to Van Remmen Decl. - Fee Summary. As a further reduction, Plaintiff's counsel did not include any time for drafting and preparing post-settlement documents. Id.  Plaintiff's counsel incurred reasonable costs of $902.00 (for the filing fee and service of process).  Id. at ¶ 13. The Declaration of Gordon Van Remmen (Exhibit 2) further outlines Plaintiff's attorneys' fees, billing rates, and attorney experience. Van Remmen Decl. at ¶¶ 18-28.  At all times, the Parties negotiated the amount of damages separately from the amount of attorneys' fees and costs. Id. at ¶ 14.

As set forth in the proposed Settlement Agreement, attached as **Exhibit 1** to this Motion, the payments will resolve all of the claims set forth in this lawsuit.  Id. at ¶ 15.

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district

court. *See* 29 U.S.C. § 216 (b); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

The Parties therefore file this Joint Motion and request that this Court approve the Parties' Settlement Agreement (Ex. 1).  To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

The Parties expressly agree that the Settlement Agreement between the Parties represents a fair and equitable resolution of this matter.  Based on these potential damages, defenses, and the risks involved for all Parties; all Parties, after consultation with their experienced counsel, believe that the proposed Settlement Agreement is fair and in each Party's best interest. *See*, Van Remmen Decl., at ¶¶ 16-17.

The Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues.

The Parties acknowledge that, as is the case with any wage and hour dispute, any trial of this matter is likely to be lengthy and document intensive. As such, all Parties would be subjected to considerable expense in determining whether the

Parties' respective assertions are correct and given the amount of potential recovery in this matter, such costs will likely exceed the amount of potential recovery. The Parties therefore believe that such expense is not worth the continued litigation of this case.

Plaintiff's counsel calculated damages, as well as liability for any damages in this case.  As such, bona fide disputes as to the merits of the claims exist; and thus, Plaintiff is not assured of success of her claims.

The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

Accordingly, the Parties jointly and respectfully request that the Court approve the Settlement Agreement attached hereto as **Exhibit 1**.

A proposed Order has been attached hereto as **Exhibit 3**.

Respectfully submitted this June 23, 2022,

| | |
|---|---|
| *Submitted and Filed to by:* | *Consented to by:* |
| /s/ *Gordon Van Remmen* | /s/ *Charles L. Bachman, Jr.* |
| Christopher B. Hall | Charles L. Bachman, Jr. |
| Ga. Bar # 318380 | Georgia Bar No. 030545 |
| Gordon Van Remmen | |
| Ga. Bar # 215512 | **GREGORY, DOYLE,** |
| | **CALHOUN & ROGERS, LLC** |

**HALL & LAMPROS, LLP**
400 Galleria Pkwy SE, Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
gordon@hallandlampros.com
chall@hallandlampros.com

*Attorneys for Plaintiff*

49 Atlanta Street
Marietta, GA 30060
Phone: (770) 422-1776
cbachman@gdcrlaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, I filed the foregoing ***Joint Motion to Approve Settlement*** with the ECF filing system, which served the following attorneys:

> Charles L. Bachman, Jr.
> **GREGORY, DOYLE,**
> **CALHOUN & ROGERS, LLC**
> 49 Atlanta Street
> Marietta, GA 30060
> Phone: (770) 422-1776
> cbachman@gdcrlaw.com

> */s/ Gordon Van Remmen*
> Gordon Van Remmen