# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "**Agreement**") is entered into by and between Plaintiff **Jennifer Roland**, on behalf of herself, her heirs, executors, agents, representatives, administrators, survivors, assigns and anyone claiming through her (hereinafter referred to as "**EMPLOYEE**") and Defendants, **Extremely Clean Floor Services, Inc. and Southern Maintenance Services, Inc.** and all of their respective subsidiaries and affiliates, successors and assigns, and their respective current and former partners, officers, agents, members, directors, attorneys, heirs, survivors, assigns, and executors (all herein collectively referred to as "**EMPLOYER**").  All of the foregoing individuals and entities are hereinafter sometimes also collectively referred to as the "**Parties**."

**WHEREAS**, **EMPLOYEE** provided services to **EMPLOYER** from approximately May 16, 2019 to May 16, 2022;

**WHEREAS**, **EMPLOYEE** alleged that **EMPLOYER** did not pay her proper minimum wages and overtime wages for all hours worked in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*; for which claims **EMPLOYEE** sought compensation and relief in a Complaint styled *Jennifer Roland v. Extremely Clean Floor Services, Inc. and Southern Maintenance Services, Inc.* pending in the United States District Court for the Northern District of Georgia Atlanta Division, Case No. 1:22-cv-10938-JPB (the "**Lawsuit**");

**WHEREAS**, **EMPLOYEE** also contends **EMPLOYER** did not pay her $2,220 for services rendered; and

**WHEREAS**, although **EMPLOYER** has denied and continues to deny that it violated **EMPLOYEE'S** rights under the FLSA or any other federal, state or local law, or state common law principles, the Parties desire to finally and forever resolve, compromise, and settle any and all claims which **EMPLOYEE** asserted or could have asserted in the Lawsuit and which arise out of or in any way related to his work for or employment by **EMPLOYER** as alleged in the Lawsuit.

**NOW THEREFORE,** in consideration of the foregoing RECITALS which are incorporated herein, together with these premises, covenants, promises, and terms and conditions contained herein, the Parties agree as follows:

1. As consideration for the release of all claims, **EMPLOYER** will pay **EMPLOYEE** the total sum of Fifteen Thousand Dollars and No Cents ($15,000.00) in compromise and settlement of any and all claims that he asserted or could have asserted in the Lawsuit. **EMPLOYEE** shall be paid the aforesaid sum in two separate checks, each as follows:

    A. For PLAINTIFF:

    i) A check in the amount of Nine Thousand Dollars and No Cents ($9,000.00) payable to **Jennifer Roland** for alleged unpaid wages owed and liquidated damages;

    **B.**    **ATTORNEYS' FEES AND EXPENSES:**

        ii)    A check in the amount of Six Thousand Dollars and No Centers ($6,000.00) payable to **Hall and Lampros, LLP** for the alleged attorneys' fees and expenses incurred by Plaintiff, pursuant to Form 1099;

    **C.**    **APPROVAL AND PAYMENT:**

        1.    **EMPLOYEE**, through his counsel, shall submit this Agreement to the United States District Court for the Northern District of Georgia Atlanta Division within three (3) days of execution for approval by the Court. **EMPLOYEE**, through his counsel, shall prepare and submit all necessary documents (including filing a Dismissal with Prejudice) to ensure settlement approval and dismissal with prejudice of the Lawsuit by the Court. The settlement approval documents must be approved by counsel for **EMPLOYER** prior to filing with the Court; and

        2.    **EMPLOYER** will send all payments provided for under this Paragraph 1 to **HALL & LAMPROS, LLP** within twenty-one (21) calendar days following **EMPLOYEE'S** execution of this Agreement **and** approval of this settlement by the Court.

2. Although some of the payments to **EMPLOYEE** in Paragraph 1 above for liquidated damages, attorneys' fees, and legal expenses, are non-wage income arising out of the settlement of their claims, **EMPLOYEE** understands and agrees, to pay any amount that may be determined to be due and owing as taxes, interest and penalties arising out of the payments by the **EMPLOYER**, pursuant to Paragraph 1, should it be determined that all or part of such payments constitute gross income within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state, or local statute or ordinance. **EMPLOYEE** further agrees to hold the **EMPLOYER** harmless against, and to indemnify the **EMPLOYER** for, any and all claims by the Internal Revenue Service, any other taxing authority or taxing agency (whether federal, state or local) which may be made against the **EMPLOYER** arising out of or relating to the **EMPLOYER**'s failure to withhold any portion of such payment for income or social security purposes, or for any other purpose, and agrees to reimburse the **EMPLOYER** for any resulting payments, including with limitations, all penalties and interest to the Internal Revenue Service, any other taxing authority or governmental agency, that the **EMPLOYER** must make in response to each such claim. The parties further agree that: (i) the **EMPLOYER** will give **EMPLOYEE** notice of any such claim; and (ii) **EMPLOYEE** will cooperate with the **EMPLOYER** in the defense of any such claim.

3. In consideration of the payments set forth in Paragraph 1 and, specifically, payment of the amount **EMPLOYEE** contends is due to her for service rendered apart from the alleged overtime due, **EMPLOYEE** does hereby knowingly, voluntarily, and unconditionally release, acquit, and forever discharge **EMPLOYER** from any and all claims, liabilities, rights and causes of action she asserted or could have asserted in the **Lawsuit** including those which arise out of or in any way relate to her work for or employment by **EMPLOYER**. If any claim is not subject to

2

release, to the extent permitted by law, **EMPLOYEE** waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action, or proceeding based on such a claim in which **EMPLOYER** or any other released entity and/or individual identified in this Agreement is a party.

4. **EMPLOYEE** warrants that she has received all benefits and compensation to which she is entitled under the Fair Labor Standards Act of 1938. **EMPLOYEE** warrants that at the time of execution of this Agreement he has not filed any charges, demands, claims, or actions with any local, state, or administrative agency relating to his employment, separation therefrom, or the claims released herein, other than the Lawsuit referenced above. This Agreement does not prohibit **EMPLOYEE** from filing other state or federal administrative charges or claims (*i.e.,* NLRB or other such agencies) or from participating in such matters; but, notwithstanding the foregoing, **EMPLOYEE** agrees to waive his rights to recover individual relief in any charge, complaint, or lawsuit filed by him or anyone on his behalf against **EMPLOYER**. The Parties acknowledge that this Agreement is made and executed in settlement of disputed claims for which **EMPLOYER** denies any and all liability; that they are settling this matter solely to avoid the cost of litigation; and that neither this Agreement nor the payments and other consideration herein identified, are to be construed as an admission of wrongdoing or liability on the part of **EMPLOYER**.

5. This Agreement is based upon a good faith determination of the Parties to resolve a disputed claim and to avoid the costs associated with prolonged litigation.

6. This Agreement contains the entire understanding and agreement between the Parties hereto and represents the full and final resolution of any and all issues regarding **EMPLOYEE'S** work for or employment by **EMPLOYER**. This Agreement may not be modified or amended in any manner without a written agreement signed and dated by all Parties and their counsel. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. The recitals are incorporated into this Agreement. Neither this Agreement nor any other agreement between the Parties, nor any uncertainty or ambiguity herein or therein, shall be construed or resolved using any presumption against any party hereto or thereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by the Parties and, in the case of any ambiguity or uncertainty, shall be construed according to the ordinary meaning of the words used so as to fairly accomplish the purpose and intentions of all Parties hereto. The recitals are incorporated into this Agreement. This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia, notwithstanding its rules governing choice of law.

7. This Settlement Agreement and Release may be executed in any number of counterparts and by the different Parties hereto on separate counterparts with each said counterparts being an original, but all counterparts together shall constitute one and the same instrument. Electronic signatures and signatures obtained by fax, pdf, or scanned and emailed shall constitute an original signature.

By executing this Agreement, each Party acknowledges having carefully read, and acknowledges knowing and understanding, the terms and effect hereof. Each Party further represents, declares and agrees that she or it voluntarily enters into this Agreement for the purposes

of making a full and final compromise, adjustment and settlement of all claims hereinabove described. Each Party signs this Agreement of her or its own free will, after consultation with counsel about same.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of the date of the final signature.

| **EMPLOYEE:** | **EMPLOYER:** |
|---|---|
| *JENNIFER ROLAND* (DocuSigned by: F581F04A50CD4A4...) | _____ |
| Jennifer Roland | **Extremely Clean Floor Services, Inc.** |
| Date: 6/22/2022 | By:_____ |
|  | Date: _____ |
|  |  |
|  | _____ |
|  | **Southern Maintenance Services, Inc.** |
|  | By:_____ |
|  | Date:_____ |

7. This Settlement Agreement and Release may be executed in any number of counterparts and by the different Parties hereto on separate counterparts with each said counterparts being an original, but all counterparts together shall constitute one and the same instrument. Electronic signatures and signatures obtained by fax, pdf, or scanned and emailed shall constitute an original signature.

By executing this Agreement, each Party acknowledges having carefully read, and acknowledges knowing and understanding, the terms and effect hereof. Each Party further represents, declares and agrees that she or it voluntarily enters into this Agreement for the purposes of making a full and final compromise, adjustment and settlement of all claims hereinabove described. Each Party signs this Agreement of her or its own free will, after consultation with counsel about same.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of the date of the final signature.

| EMPLOYEE: | EMPLOYER: _____ |
|---|---|
|  | Extremely Clean Floor Services, Inc. |
| _____ |  |
| Jennifer Roland | By: _Trevis Roberts President_ |
|  |  |
| Date: _____ | Date: _6-16-2022_ |
|  |  |
|  | _____ |
|  | Southern Maintenance Services, Inc. |
|  |  |
|  | By: _Trevis Roberts President_ |
|  |  |
|  | Date: _6-16-2022_ |

4